# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MUTUAL ASSISTANCE OF LOCAL COURT OF WETZLAR, GERMANY,<br><br>Petitioner,<br><br>_____/ | Case No. 1:17-mc-00078-SKO<br><br>**ORDER DENYING MOTION TO SEAL UNITED STATES' APPLICATION FOR *EX PARTE* ORDER APPOINTING COMMISSIONER PURSUANT TO 28 U.S.C. § 1782, AND ACCOMPANYING DOCUMENTS**<br><br>(Doc. 2) |

## I. INTRODUCTION

On December 13, 2017, the United States filed an Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782 (the "Application"). (Doc. 1.) On December 18, 2017, the United States filed a Motion to Seal the Application and the accompanying documents. For the reasons set forth below, the United States' request to seal the Application and accompanying documents is DENIED without prejudice.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'cs, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court

1 records). The right to access is not absolute and can be overridden where there are sufficiently
2 compelling reasons. *Id.*

3       The party seeking to seal a document related to a non-dispositive motion must meet the
4 "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective
5 orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v.
6 City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of
7 judicial records attached to dispositive motions versus those attached to non-dispositive motions).
8 In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular
9 document it seeks to protect, of showing that specific prejudice or harm will result if no protective
10 order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by
11 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus.,
12 Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a
13 court finds particularized harm will result from disclosure of information to the public, then it
14 balances the public and private interests to decide whether a protective order is necessary."
15 *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

16       Here, the United States seeks to seal the Application, as well as Exhibits A, B, and C to the
17 accompanying Declaration of Assistant United Attorney, Edward A. Baker.[1] (Doc. 2.) Exhibit A
18 appears to contain a petition from a local German court to the U.S. Department of Justice,
19 requesting assistance, pursuant to the Hague Convention, in obtaining evidence from Jeff Eldon
20 Wariner, a U.S. citizen residing in this district, in a matter related to the custody of Mr.
21 Wariner's minor child. (*See* Doc. 1, Ex. A.) Exhibit B contains a letter from the U.S.
22 Department of Justice to Mr. Wariner informing him of the German court's request, and asking
23 him to provide written answers to the series of questions sent by the German court. (*See id.*, Ex.
24 B.) Exhibit C contains a follow-up letter sent from the U.S. Department of Justice to Mr.
25 Wariner. (*See id.*, Ex. C.)
26 //
27
28 [1] The Declaration does not set forth any basis for sealing the Application under the Local Rules of the United States District Court for the Eastern of California.

The United States contends that its motion "is made in order to comply with Local Rule 140(a) by redacting personal data information of the individuals involved in the German court proceeding." (Doc. 2.) Rule 140(a) of Local Rules of the United States District Court for the Eastern District of California provides:

> [W]hen filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise:
>
> (i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law *require* the use of initials, or when the specific identity of the minor is not necessary to the action or individual document;
> (ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
> (iii) Social Security numbers: Use only the last four numbers;
> (iv) Dates of birth: Use only the year;
> (v) Home addresses in criminal actions only; use only the city and state; and
> (vi) All other circumstances: Redact when federal law *requires* redaction.

Local Rule 140(a) (emphasis in original).

The Court finds the United States' position that, in this matter, Local Rule 140(a) requires an order sealing the above-listed documents to be unavailing, especially since the documents appear to mostly comply with Local Rule 140(a). Exhibit A, for instance, contains several redactions of the child's birthdate, the mother's birthdate, and Mr. Warinner's social security number. (*See* Doc. 1, Ex. A.) While some of that information remains unredacted in portions of Exhibit A, the proper remedy for complying with Local Rule 140(a) would be further redaction rather than a wholesale sealing of all the documents. *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011), *cert. denied*, 566 U.S. 922 (2012) ("[I]n determining whether to protect discovery materials from disclosure under Rule 26(c), a court must not only consider whether the party seeking protection has shown particularized harm, and whether the balance of public and private interests weighs in favor, but also keep in mind the possibility of redacting sensitive material."). Exhibit B reflects the same redactions and need for

further redactions as Exhibit A, and therefore would similarly comply with Local Rule 140(a) upon further redaction rather than an order sealing the entire document. (*See* Doc. 1, Ex. B.) Exhibit C contains none of the privacy information contemplated in Local Rule 140(a), and therefore does not appear to require any sealing or redaction. (*See id.*, Ex. C.)

While the Court is aware of the privacy concerns at issue, the United States has not shown why the documents filed in this case should be sealed instead of simply redacted. *See*, *e.g.*, *Rhuma v. Libya*, 2014 WL 2093567, at *2 (E.D. Cal. May 19, 2017) (denying motion to seal documents where "plaintiff has not shown why all (or even a vast majority) of the documents anticipated to be filed in this case should be sealed instead of simply redacted on a document-by-document basis"). In fact, Local Rule 140 specifically requires *redaction* of certain confidential information in publically filed documents. The United States' full compliance with Local Rule 140(a) will adequately protect the privacy interests asserted in the motion to seal.[2]

The Court finds that the United States has not met its burden "of showing . . . for each particular document it seeks to protect . . . that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130; *see also Beckman Indus., Inc.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)). As a result, the United States cannot, at this time, overcome the strong presumption in favor of access to court records. *See Foltz*, 331 F.3d at 1135.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal the Application for *Ex Parte* Order Appointing Commissioner and accompanying Exhibits A, B, and C (Doc. 1) is DENIED without prejudice, subject to the United States refiling the Application for *Ex Parte* Order Appointing Commissioner and accompanying documents with additional redactions required under Rule 140(a);

2. The United States is directed to refile the Application for *Ex Parte* Order

---

[2] The Court notes that the documents which the United States seeks to seal were publicly available on the docket from December 13, 2017, until December 18, 2017, before the United States filed its request to seal. (*See generally* Docs. 1, 2.)

4

Appointing Commissioner and accompanying documents in compliance with Local Rule 140(a) by no later than January 8, 2018; and

3. The Application for *Ex Parte* Order Appointing Commissioner, including Declaration of Edward A. Baker, and Exhibits A, B, and C (Doc. 1) is STRICKEN from the docket.[3]

IT IS SO ORDERED.

Dated: **January 4, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Stevenson v. Beard*, No. 16-cv-030797 JLS (PCL), 2017 WL 4476981, at *2 (S.D. Cal. Oct. 6, 2017) ("A court may *sua sponte* strike a document filed in violation of the Court's local procedural rules.") (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).