# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MUTUAL ASSISTANCE OF LOCAL COURT OF WETZLAR, GERMANY,<br><br>Petitioner,<br><br>_____/ | Case No. 1:17-mc-00078-SKO<br><br>**ORDER APPOINTING ASSISTANT UNITED STATES ATTORNEY EDWARD BAKER AS COMMISSIONER AND COMPELLING DISCOVERY FROM JEFF ELDON WARINNER**<br><br>(Doc. 4) |

## I. BACKGROUND

Before the Court is an application (the "Application") filed by the United States of America (the "Government") on December 13, 2017, for an *ex parte* order appointing Assistant United States Attorney Edward A. Baker as a Commissioner pursuant to 28 U.S.C. § 1782.[1] (Doc. 1; *see also* Doc. 4.) For the reasons set forth below, the Government's request is GRANTED.

## II. DISCUSSION

In its Application, the Government indicates that it seeks to assist a German court, pursuant to the Hague Convention, in securing evidence from Jeff Eldon Warinner, a U.S. citizen residing in this district, in a matter related to the custody of Mr. Warinner's minor child. (*See*

---

[1] The Application filed on January 8, 2018 (Doc. 4), is the operative pleading in this case. While the January 8, 2018, Application and the originally filed December 13, 2017, Application are identical, information which was unredacted in the exhibits accompanying the December 13, 2017, Application has been redacted in the exhibits accompanying the January 8, 2018, Application, in accordance with the Court's order entered on January 5, 2018 (Doc. 3).

Doc. 4, Ex. A.) The request from the German court seeks an answer from Mr. Warinner to the following questions:

> (1) Does the father live separate and apart from the mother?
> (2) Is the father permanently living in the United States of America? If so, since when?
> (3) When exactly did the father last take care of [the child]?
> (4) Can the mother contact the father? If so, by which means exactly?
> (5) Do [the child's] parents communicate with each other?
> (6) When exactly were [the child's] parents last in touch with each other?
> (7) Have [the child's] parents exercised joint custody of [the child] since their separation? If so, how exactly?
> (8) Have there been any problems with the mother when they were exercising joint custody of [the child]? If so, please elaborate on these problems.
> (9) Is the father willing to exercise joint custody with the mother?
> (10) Does the father consent to the mother's petition to award sole custody of [the child] to her?

(Doc. 4, Ex. A at 2-6.)

The Government attempted to obtain Mr. Warinner's compliance with the German court's request prior to filing the Application, by mailing letters to his last known address on July 25, 2017, and October 27, 2017. (*See* Doc. 4, Exs. B, C). Mr. Warriner failed to respond. (*Id*.) As a threshold matter, the Government's letters of request satisfy the Hague Convention's requirement that such letters specify the authority requesting assistance, the authority seeking to provide assistance, the nature of the underlying proceeding, and the evidence sought. *See* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Ch. 1, Art. 3, Oct. 7, 1972, 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493.

Under 28 U.S.C. § 1782, a district court may order a person residing in or found within its jurisdiction to give testimony or produce documents for use in a proceeding in a foreign or international tribunal. *See Intel. Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The district court may, in its discretion, grant a request under § 1782(a) where the person from whom discovery is sought resides or is found within the territorial district of the district court to which the application is made, the discovery is to be used in a proceeding before a foreign

tribunal, and a foreign or international tribunal or any interested person is making the application. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 81 (2d Cir. 2004). Specifically, in exercising its discretion, the district court should consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the discovery requested is "unduly intrusive or burdensome." *Intel. Corp.*, 542 U.S. at 247, 261-63. Additionally, the district court should consider the twin aims of the statute to assist foreign courts and litigants, and to encourage foreign jurisdictions to provide reciprocal assistance to American courts. *Schmitz*, 376 F.3d at 81. The Court notes that there is no requirement that the information sought be discoverable under the law governing the foreign proceeding, or that U.S. law would allow discovery in an analogous domestic proceeding. *Intel. Corp.*, 542 U.S. at 247, 261-63.

Here, the Government has met the requirements of § 1782. Mr. Warinner resides in Fresno, California, which is within this district. (Docs. 4 at 2; 4-1, ¶ 1; 4, Ex. B at 1.) The discovery requested—namely, answers to interrogatories—is for use in a child custody proceeding in the Local Court of Wetzlar, Germany, which qualifies as a foreign tribunal. (Docs. 4 at 1; 4-1, ¶ 2; *see also generally* Doc. 4, Ex. A.) The request for assistance in conducting discovery came from the foreign tribunal, and the foreign tribunal has sent a letter of request pursuant to the Hague Convention. (*See* Doc. 4, Ex. A.)

Further, the Court finds, in its discretion, that good cause exists to authorize the requested discovery and appoint Assistant United States Attorney Edward A. Baker as a Commissioner to obtain such discovery from Mr. Warinner. Section 1782 provides that the district court "may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1728(a).

Mr. Warinner is a party to the German child custody proceeding—he is the child's father. (See Doc. 4, Ex. A.) The request came directly from the Local Court of Wetzlar, Germany, which demonstrates that the German court is receptive to the discovery sought. There is no indication that the request is an attempt to circumvent any foreign restrictions related to the discoverability of the requested information. Finally, the requested information is not unduly burdensome or intrusive. The Local Court of Wetzlar, Germany generally seeks answers concerning whether Mr. Warinner currently has a relationship with the child or the child's mother.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1728, Assistant United States Attorney Edward A. Baker is appointed as Commissioner, and is authorized to issue subpoenas reasonably necessary to compel Jeff Eldon Warinner to respond to interrogatories for use in a judicial proceeding in the Local Court of Wetzlar, Germany.

IT IS SO ORDERED.

Dated: **January 17, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE