# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MUTUAL ASSISTANCE OF LOCAL COURT OF WETZLAR, GERMANY,<br><br>Petitioner,<br>_____ / | Case No. 1:17-mc-00078-SKO<br><br>**ORDER GRANTING MOTION TO COMPEL WITNESS TO COMPLY WITH COMMISSIONER'S SUBPOENA**<br><br>(Doc. 7) |

## I. INTRODUCTION

Before the Court is a Motion to Compel Witness to Comply with Commissioner's Subpoena (the "Motion") filed by the United States of America (the "Government" or "Petitioner") seeking an order compelling Jeff Eldon Warinner ("Respondent") to comply with a subpoena served on him on February 22, 2018. (Doc. 7.) Respondent has not filed an opposition to the Motion.

The Motion is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby VACATES the hearing set for May 16, 2018. For the reasons set forth below, the Motion is GRANTED.[1]

///

---

[1] This case was referred to the undersigned pursuant to Rule 302(c)(1) of the Local Rules of the United States District Court, Eastern District of California, and 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

On or about July 10, 2017, the Office of International Judicial Assistance ("OIJA"), within the Civil Division of the United States Department of Justice, received a letter of request (the "Letter of Request") for international judicial assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), 23 U.S.T 2555 (Oct. 7, 1972), from the Local Court of Wetzlar, Germany (the "German court"). (*See* Doc. 4-1, Declaration of Edward A. Baker in Support of Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782 ("Baker Decl."), ¶ 2 and Ex. A.) The Letter of Request indicates that the German court is presiding over a parental custody matter styled *Anne Warinner v. Jeff Eldon Warinner*, File No. 620 F 1284/16 SO, DOJ Ref. No. 189-26-17-37, and seeks to secure evidence from Respondent, a U.S. citizen residing in this district, for use in that matter. (*See id.*) The Letter of Request from the German court sought OIJA's assistance in obtaining an answer from Respondent to the following questions:

(1) Does the father live separate and apart from the mother?
(2) Is the father permanently living in the United States of America? If so, since when?
(3) When exactly did the father last take care of [the child]?
(4) Can the mother contact the father? If so, by which means exactly?
(5) Do [the child's] parents communicate with each other?
(6) When exactly were [the child's] parents last in touch with each other?
(7) Have [the child's] parents exercised joint custody of [the child] since their separation? If so, how exactly?
(8) Have there been any problems with the mother when they were exercising joint custody of [the child]? If so, please elaborate on these problems.
(9) Is the father willing to exercise joint custody with the mother?
(10) Does the father consent to the mother's petition to award sole custody of [the child] to her?

(*See id.*, Ex. A at 2–6.).

The Government attempted to obtain Respondent's compliance with the German court's Letter of Request by mailing letters to his last known address on July 25, 2017, and October 27, 2017. (*See* Doc. 4-1, Baker Decl. ¶ 3 and Exs. B, C). Respondent failed to respond. (*Id.*) On

1  December 13, 2017, the Government filed an ex parte application in this Court (the
2  "Application").[2] The Application asked the Court to issue an order, pursuant to 28 U.S.C. § 1782,
3  appointing Assistant United States Attorney Edward Baker as Commissioner authorized to issue
4  subpoenas to Mr. Warinner and take other steps reasonably necessary to comply with the Letter of
5  Request. (*See* Doc. 4.) The Court granted the Application, concluding that the Government had
6  satisfied the minimum statutory requirements for relief under § 1782. (*See* Doc. 5.)

Pursuant to the Court's order, the Commissioner issued a subpoena requesting that Respondent provide testimony on February 27, 2018 at the U.S. Attorney's Office in Fresno, California. (*See* Doc. 7-1, Ex. 1). The subpoena was served on Respondent on February 22, 2018. (*See id.*, Ex. 2.) On February 27, 2018, Respondent failed to appear, and has not responded to the Government's efforts to contact him. (*See* Doc. 7 at 1.)

### III.  DISCUSSION

**A.  Petitioner Has Met the Statutory Requirements of Section 1782.**

Enforcement of the subpoena is governed by 28 U.S.C. § 1782, which addresses under what conditions U.S. courts may provide assistance to foreign and international tribunals and litigants before those tribunals, and the Federal Rules of Civil Procedure. Under § 1782, "a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege." *See In re Ex Parte Application of Apple Inc., Apple Retail Ger. GMBH, and Apple Sales Int'l*, No. MISC 12–80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citing 28 U.S.C. § 1782(a)); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004)). A district court may issue such an order where: (1) the discovery is sought from a person residing in the district to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a). The Federal Rules of Civil Procedure apply in actions brought

---

[2] The Application filed on January 8, 2018 (Doc. 4), is the operative pleading in this case. While the January 8, 2018, Application and the originally filed December 13, 2017, Application are identical, information which was unredacted in the exhibits accompanying the December 13, 2017, Application has been redacted in the exhibits accompanying the January 8, 2018, Application, in accordance with the Court's order entered on January 5, 2018 (Doc. 3).

3

under § 1782 to the extent that those rules do not expressly conflict with the statute. *See id.* ("To the extent that the order does not prescribe otherwise, . . . the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure.")

As noted above, this Court has already granted Petitioner's *ex parte* application for the appointment pursuant to § 1782 of a Commissioner to issue a subpoena to Respondent, finding (1) Respondent resides in Fresno, California, which is within this district; (2) the requested discovery—answers to interrogatories—is for use in a child custody proceeding in the Local Court of Wetzlar, Germany, which qualifies as a foreign tribunal; and (3) the request for assistance in conducting discovery came from the foreign tribunal, and the foreign tribunal has sent a letter of request pursuant to the Hague Convention. (*See* Doc. 5 at 3.) Respondent has not disputed these findings. Accordingly, Petitioner has met the three statutory requirements of § 1782.

**B.  The Court's Discretion Should Be Exercised in Favor of Petitioner.**

Simply because the facial requirements of § 1782 have been met does not end the inquiry, for Congress and decisional law have given district courts "broad discretion" over the issuance of discovery orders pursuant to § 1782(a). *See United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1206 (9th Cir. 2000). In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

These discretionary factors "involve overlapping considerations, are considered collectively by the court in exercising its discretion, and are not stand-alone categorical imperatives." *In Matter of Application of Action & Protection Foundation*, No. C 14–80076 MISC EMC (LB), 2014 WL 2795832, *5 (N.D. Cal. June 19, 2014). Courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of

4

assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *See, e.g.*, *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

Here, in granting Petitioner's Application, the Court previously concluded that the *Intel* factors weighed in Petitioner's favor. (*See* Doc. 5 at 4.) The Court further finds that because German court specifically requested the assistance of this Court, there are no German sovereignty concerns that could hinder that court's efforts. *Cf. In re Schmitz*, 259 F. Supp. 2d 294, 298 (S.D.N.Y. 2003).

There also continues to be no indication that the requested information is unduly burdensome or intrusive, as it is sufficiently tailored to the question whether Respondent currently has a relationship with the minor child or the child's mother. (*See* Doc. 4-1, Ex. A at 2–6.) Although Respondent was free to challenge the allowed discovery, he has not done so, either by opposing the Motion or filing his own motion to quash the subpoena. *See IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (The party resisting discovery under § 1782 bears the burden of persuasion of demonstrating that discovery should not be allowed.) (collecting cases); *see also In re O'Keeffe*, No. 2:14–cv–01518–RFB–CWH, 2015 WL 1308546, at *2 (D. Nev. Mar. 24, 2015) ("If a district court grants a § 1782 application, the subpoenaed party can move to quash the subpoena, but bears the burden of persuasion in the course of civil litigation").

Finally, granting a motion to compel Respondent to comply with the Commissioner's subpoena would efficiently assist a request made by the German court and would encourage Germany to provide similar assistance to our courts. *See, e.g., In re Letter Rogatory from Nedenes Dist. Court, Norway*, 216 F.R.D. 277, 279 (S.D.N.Y. 2003). The circumstances under which Petitioner seeks to compel Respondent's compliance with the subpoena therefore satisfy the aims of § 1782.

**C.     Petitioner Satisfies the Requirements of the Federal Rules of Civil Procedure.**

Courts look to the Federal Rules of Civil Procedure to determine the proper scope of

1 discovery arising out of a § 1782 application. *See In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019–20 & n.3 (9th Cir. 1994); *see also Knaggs v. Yahoo! Inc.*, No. 15-mc-80281-MEJ, 2016 WL 3916350, at *7 (N.D. Cal. July 20, 2016) (collecting cases). Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense provided that it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citation omitted). The party issuing the subpoena has the burden of demonstrating the relevance of the information sought, but once that showing is made, the burden shifts to the recipient to establish that the requested discovery should be denied. *Arizona v. Arpaio*, 314 F.R.D. 664, 667 (D. Ariz. 2016).

Upon review, the Court finds that the discovery sought from Respondent is clearly relevant and within the scope of the parental custody matter pending in the German court in which Respondent is a named party. The German court has previously made the following findings: that Anne Warinner and Respondent are married and that a child was born of the marriage; that the parents have been living separate and apart since July 1, 2013; and that the child lives with his mother in Germany while Respondent lives in the United States. (*See* Doc. 4-1, Baker Decl. ¶ 2 and Ex. A.) The Commissioner's subpoena seeks responses to ten questions regarding Respondent's involvement with the minor child and/or his mother for use in the mother's petition to the German court for sole custody of the child. (*See id.*, Ex. A at 1–6.) Information or evidence obtained from Respondent regarding whether, for example, he and the child's mother "exercised joint custody of [the child]," where there were "any problems with the mother when they were exercising joint custody of [the child]," and whether Respondent is "willing to exercise joint custody with the mother" or to "consent to the mother's petition to award sole custody of [the

6

child] to her" is both relevant and necessary to the mother's custody petition, as Respondent is outside the jurisdiction of the German court.[3] Finally, as noted above, there has been no showing by Respondent of undue burden or hardship that would result from his compliance with the Commissioner's subpoena. *See Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966) (The party opposing the subpoena bears the burden of showing that it is unduly burdensome.). Again, although he was free to do so, *see In re Republic of Ecuador*, No. C–10–80225, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) (target of subpoena issued under § 1782 not precluded from challenging the subpoenas once issued as being unduly burdensome, irrelevant or overly broad), Respondent has neither opposed the Motion nor filed his own motion to quash the subpoena, and therefore has not met his burden of establishing that the discovery should not be had.

### IV.  CONCLUSION AND ORDER

Petitioner has met the statutory requirements of 28 U.S.C. § 1782. Granting the Motion would also promote § 1782's aims by (1) providing an efficient means of assistance to foreign countries, especially considering that the German court specifically made the discovery request and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. *See Pott*, 945 F. Supp. 2d at 1199. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Compel Witness to Comply with the International Request for Judicial Assistance (Doc. 7) is GRANTED;
2. Respondent Jeff Eldon Warinner shall, in compliance with the Commissioner's subpoena pursuant to 28 U.S.C. § 1782 and Fed. R. Civ. P. 45, appear and give testimony under oath at the U.S. Attorney's Office in Fresno, California, on a date to be selected by Petitioner;
3. Petitioner shall mail a copy of this order to Respondent at his last known address;
4. The hearing on the Motion set for May 16, 2018, is VACATED; and

---

[3] This Court need not consider whether the discovery sought be admissible or discoverable in the German court, as there is no requirement that the information sought be discoverable under the law governing the foreign proceeding, or that U.S. law would allow discovery in an analogous domestic proceeding. *Intel*, 542 U.S. at 247, 261–63.

5. The Clerk of Court CLOSE this case.[4]

IT IS SO ORDERED.

Dated: **May 10, 2018**      /s/ *Sheila K. Oberto*
                             UNITED STATES MAGISTRATE JUDGE

---

[4] Because this is a miscellaneous action, the case will be administratively closed. The administrative closure signifies only that this matter is not litigation pending in this district. It will not prevent the parties from filing documents or seeking appropriate relief of this Court.